# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NADINE M. CHATMAN,
> Appellant,

v.

DEPARTMENT OF AGRICULTURE,
> Agency.

DOCKET NUMBER
DC-1221-18-0809-W-2

DATE: June 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nadine M. Chatman, Fairfax, Virginia, pro se.

Martin A. Gold, Esquire, and Stephanie Ramjohn Moore, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in connection with her individual right of action appeal. On petition for review, the appellant challenges the administrative judge's analysis and findings on the merits of her appeal, argues that the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge abused her discretion in rulings she made during adjudication, and exhibited bias. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to further examine whether the appellant met her burden to show contributing factor regarding her 2014 performance rating, we AFFIRM the initial decision.

Below, the administrative judge properly found that the appellant failed to establish the contributing factor element of her burden of proof regarding her 2014 rating by means of the knowledge/timing test. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 26 (2011); ID at 16-20. The Board has held, however, that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, he shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the official taking the action, or whether these individuals had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). Because the administrative judge did not consider such evidence, we do so now.

Regarding the strength of the agency's reasons for the appellant's Superior rating, there is scant evidence in the record, except for the final rating itself. *Chatman v. Department of Agriculture*, MSPB Docket No. DC-1221-18-0809-W-2, W-2 Appeal File (AF), Tab 39 at 44. The appellant has not otherwise submitted evidence to show that she was entitled to an Outstanding rating. It is the burden of the appellant to establish that her protected disclosures/activity was a contributing factor to the personnel action, and we do not find that the appellant has presented any evidence that would lead us to second-guess the appellant's supervisor's rating the appellant as Superior. *Mithen v. Department of Veterans Affairs*, 119 M.S.P.R. 215, ¶ 11 (2013). Thus, the evidence in support of the appellant's rating is strong.

While the appellant's disclosures to the Office of Special Counsel (OSC) implicated her first-line supervisor, we believe that, in order for the supervisor to be motivated to retaliate, she must have had knowledge of the protected disclosures/activity. In other words, in order for an official to have motive or desire to retaliate against an employee because she made protected disclosures or engaged in protected activity, we believe it necessary first for that official to have knowledge of that employee's protected disclosure or activity. *See Dorney*, 117 M.S.P.R. 480, ¶ 14 (stating that a disclosure is a contributing factor if it affects an agency's decision to threaten, propose, take, or fail to take a personnel action). The administrative judge found, and we agree, that the appellant's first-line supervisor did not have actual or constructive knowledge of the appellant's disclosures to OSC. Thus, we find it unlikely that the supervisor had a motive to retaliate against the appellant based on a protected disclosure or activity of which she was unaware. *See Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 9 (2015) (explaining that a disclosure could only have been a contributing factor in a performance evaluation if the official learned of it before making the decision).

In sum, considering these other factors, we do not find that the appellant established that her protected disclosures/activity was a contributing factor in her 2014 performance rating, and that the administrative judge's failure to conduct such an alternative analysis did not prejudice the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant raises a number of issues challenging the administrative judge's adjudication of this appeal. First, the appellant argues that the administrative judge did not allow a particular witness to testify regarding the inner workings of her office. Petition for Review (PFR) File, Tab 2 at 27. Although the appellant did not request any witnesses in her prehearing submission, the administrative judge allowed her to make requests during the prehearing conference, and the witness at issue was one such request. Based on the appellant's proffer, the administrative judge determined that the witness's testimony would be similar to that of another witness whom the administrative judge had approved as the sole witness who would be allowed to testify regarding the climate within the office. Because the appellant did not seek to substitute the witness at issue for that witness, the administrative judge did not approve the proffered witness to testify. W-2 AF, Tab 35. The appellant's failure to object to that ruling below precludes her doing so on review. *Tarpley v. U.S. Postal Service,* 37 M.S.P.R. 579, 581 (1988).

The appellant also argues that the administrative judge erred when she limited the appellant's cross-examination of the selecting official for the 2016 vacancy. PFR File, Tab 2 at 27. The administrative judge, in fact, afforded the appellant wide latitude in her cross-examination of the witness, only cautioning her once when her questions exceeded the scope of direct, a ruling the appellant did not challenge. Hearing Compact Disc (testimony of selecting official). Administrative judges have wide discretion to regulate the course of a hearing.

5 C.F.R. § 1201.41(b)(6). The appellant has not, by her claim, shown that the administrative judge abused her discretion in this regard.

The appellant also argues on review that the administrative judge erred in not compelling the agency to present a list of the equal employment opportunity complaints that had allegedly been filed against one of the selecting officials. PFR File, Tab 2 at 27. The administrative judge ruled that the evidence sought by the appellant was beyond the scope of the appeal and irrelevant. W-2 AF, Tab 28. The appellant did not challenge the administrative judge's ruling and we discern no error in it. Again, by her claim, the appellant has not shown that the administrative judge abused her broad discretion regarding this discovery ruling. *Key v. General Services Administration*, 60 M.S.P.R. 66, 68 (1993) (stating that an administrative judge has broad discretion in ruling on discovery matters and, absent a showing of an abuse of discretion, the Board will not find reversible error in such rulings); 5 C.F.R. § 1201.41(b)(4).

In addition, the appellant raises various claims on review of bias by the administrative judge. For example, the appellant alleges that the administrative judge inappropriately construed a particular phrase that the selecting official used to describe the appellant, W-2 AF, Tab 39 at 40, so as to hide what was really a racial slur. PFR File, Tab 2 at 13. The appellant further alleges that the administrative judge exhibited bias when she blamed the appellant for the agency representative's "ineptness" in attempting to stall the discovery process, *id.* at 26, and when she assessed the details surrounding a discovery issue. *Id.* at 25. The appellant's claims of bias do not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Nor is there any showing that the appellant timely raised her claim of bias directly to the administrative judge. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991). Further, the appellant has failed to show that the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment

impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.